UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION


WILLIE ARMISTAD                                                                      PLAINTIFF

V.                                                                      CIVIL ACTION NO.1:16CV-219-DAS

COMMISSIONER OF SOCIAL SECURITY                                          DEFENDANT


<u>FINAL JUDGMENT</u>

This cause is before the court on the claimant's complaint for judicial review of an

unfavorable final decision by the Commissioner of the Social Security Administration.    The

parties have consented to entry of final judgment by the United States Magistrate Judge under the

provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit.

The court, having reviewed the administrative record, the briefs of the parties, and the applicable

law and having heard oral argument, finds as follows, to-wit:

This case must be reversed and remanded for further consideration because of the ALJ's

error to acknowledge the claimant's obesity and to evaluate the impact of his obesity of his

functional limitations given his total knee replacement.   While the failure to specifically

recognize obesity as a severe impairment or to discuss that conditions impact on a claimant's

severe impairments is not necessarily reversible error, where the plaintiff suffers from a significant

impairment to a weight bearing joint, here his knee, the failure to address his obesity is reversible

error.   On remand the ALJ/Commissioner shall address the plaintiff's obesity and analyze the

extent, if any, to which it reduces his residual functional capacity.

The court finds no reversible error in the failure to acknowledge or consider the fact that

Mr. Armistad had been found disabled under a long term disability policy.   The ALJ was not

provided with the specifics of the finding, nor of the requirements under the policy for a finding of disability. Because this policy may well have only required proof that Armistad could not return to his former work, and the ALJ found the plaintiff could not perform his past work, the plaintiff has not shown any prejudice.

The plaintiff asserts the ALJ failed to properly evaluate the plaintiff's need for a cane in determining that he could perform light work. The ALJ put the hypothetical question to the VE for light work, including the need to use a cane on an occasional basis. The VE found that there were light jobs available in spite of the need for using the cane. The court finds no error on this point.

The court also finds that the ALJ did not err in considering the plaintiff's failure to seek additional treatment in discounting his subjective complaints, nor in failing to consider the plaintiff's reports of medication side effects.

Finally the court finds no error in the failure to order a consultative examination. The absence of a medical source statement does not render the record incomplete where the treatment records of the orthopedist and primary care physician were a part of the record.

IT IS, THEREFORE, ORDERED AND ADJUDGED that this case is reversed and remanded for further proceedings consistent with the ruling of the court and this judgment.

SO ORDERED AND ADJUDGED this the 25th of July, 2017.


/s/ David A. Sanders
UNITED STATES MAGISTRATE JUDGE